## Case No. 6,870.

### HUMPHREYS v. BLIGHT'S ASSIGNEES.

[1 Wash. C. C. 44; [1] 4 Dall. 370.]

Circuit Court, D. Pennsylvania. April Term, 1803.

BANKRUPTCY—ASSIGNEE OF NEGOTIABLE PAPER—RIGHT TO PROVE DEBT—OFFSETS.

1. The holder of negotiable paper, payable "without defalcation," under the laws of Pennsylvania, assigned after a commission of bankruptcy has issued, may come in under the commission, allowing all just offsets, existing at the time of the bankruptcy; and which would have been admitted, if the assignment had not been made.

[Cited in Jones v. Van Zandt, 5 How. (46 U. S.) 225; Towne v. Smith, Case No. 14,115; Re Strachan, Id. 13,519.]

2. The purchaser of a negotiable note, who becomes so after a commission of bankruptcy has issued, may prove under the commission; and he holds the note, subject to all legal offsets.

After a commission of bankruptcy had been issued against Blight, the plaintiff took an assignment from Murgatroyd of two notes of hand due from the bankrupt. He applied to Blight, informing him of the assignment, and desiring to know what dividend of his estate would be made; and was informed it would pay ten shillings in the pound, without mentioning any offsets existing against the notes. The plaintiff put in his claim under the commission, and demanded a trial by jury, which was directed by the commissioners; and an agreement was entered into to try, on a feigned issue in this court, the questions—1st, whether the plaintiff could come in under the commission? and if he could, 2dly, if he was bound to admit offsets against the notes. If decided in the affirmative, the settlement to be referred to arbitrators. The notes were made payable "without defalcation," and were protested for non-payment.

Mr. Rawle, for defendants, insisted, that the notes of a bankrupt, after a commission issued, are not negotiable. 2dly. That the notes in this case having been protested, the assignee took them liable to offsets, or any equity which existed between Blight and Murgatroyd. That a debtor of the bankrupt cannot after an act of bankruptcy purchase up debts due from the bankrupt, to offset them. 4 Term R. 714; 6 Term R. 57; 2 Strange, 1234. The reason of these cases applies to this.

Mr. Hare, for plaintiff, controverted the first point, upon the ground that there is nothing in the bankrupt law [of 1800 (2 Stat. 19)] which forbids an assignment of a debt due from the bankrupt, after the commission. That if the plaintiff could not come in under the commission, it would put it in the power of an ill-natured

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

creditor of the bankrupt to harass him, by assigning over claims against him after the commission issued; for where the claim could not be proved under the commission, the certificate does not bar it.

On the second point, he insisted that he was not obliged to admit offsets, because the act of assembly of Pennsylvania of 27th February, 1797 (volume 4, p. 102), declares that notes payable without defalcation shall not be liable to offsets or equity.

Cases cited by Mr. Hare: 1 Atk. 73; 2 Wils. 135; Cullen, Bankr. 99, 100; Evans, 220; Coke, Bankr. 19; 3 Term R. 80; [Wilkinson v. Nicklin] 2 Dall. [2 U. S.] 396; 7 Term R. 429; 2 Fonbl. 150; Anstr. 427.

WASHINGTON, Circuit Justice. The first question to be decided on principle, as the bankrupt law is silent upon this subject, neither permitting nor forbidding the assignment of notes due from the bankrupt, after a commission has issued against him. It would be unreasonable that such an assignee should not be allowed to prove under the commission, since the debt would most certainly be barred by the certificate, being a debt due at the time of the bankruptcy, and such a one as might have been proved under the commission. It can produce injury to no person, as it can make no difference to the assignees, whether the debt be proved as due to A. or to his assignees; and as they ought not to be injured, so they ought not to derive a benefit from this change, not of the debt, but of the creditor. It will be perceived that the very principle upon which this first point is decided, decides the second. It struck me, at first, that if the plaintiff's counsel were right as to the first question, they must be wrong upon the second. If by the assignment the assignee would take the debt discharged of offsets, or of any equity attached to it in the hands of the assignor, it would furnish a decisive objection to the right of the assignee to prove under the commission. It is true, that in general, a negotiable instrument passes to a fair bona fide assignee, discharged of any equity attached to it, of which the assignee had not notice; for having paid value for it, his equity is equal to that of the debtor, and he has the law in his favour. If payments have been made, or mutual demands exist between the parties, and they do not accompany the instrument, a fair purchaser ought not to be injured by the omission of the parties to endorse such offsets, and thus to give notice of their existence. The assignment therefore passes a right to the entire sum appearing due on the face of the instrument. But the bankrupt law declares, that where mutual debts have existed between the bankrupt and any other person, at any time before he became a bankrupt, no more shall be paid than the balance due after an adjustment of the accounts. By force then of this law, a creditor of the bankrupt can assign, and the as-

signee can purchase, no more than the balance due from the bankrupt after all credits are admitted. The rule therefore may be laid down to meet the present case, that where a creditor of the bankrupt assigns a negotiable paper, or one payable "without defalcation," under the laws of the state. after a commission has issued against the debtor; and the assignee may come in under the commission, but he must allow all just offsets existing at the time the debtor became bankrupt, and which must have been admitted if the assignment had not been made.

The jury found according to the charge. Referees were appointed to settle the accounts.